**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | |
|---|---|
| HAKEEM BAKER; ANDREA BARNWELL; LEROY BARTELL; CHARITY L. VON BARTHELD; MUHAMMADLEAN BROWN; RONALD BROWN, II; MALCOLM BROXTON; OLIVIA CONEY; DEVANTA CUMINGHAM; EVELYN DANIELS; DWIGHT DEDAVIESS; JAMES EARLY; JASMINE EVANS; JOSETTE FLOYD; STEVEN GALLEGO; FEON-DENAYE GREEN; IRVIN GREEN; ALEA GREY; AJA HENDRY; ELISEA HILL; MARQUELL JEFFERSON; STACEY JORDAN; AQUILLAH KELLY; PANEI MCKINNON; JADERRA MIKELL; BARBARAR MITCHELL; STACEY MORGAN; RENATA ORTEGA; CHRISTOPHER RICE; DANAISA RICE; CHATAQUE RIVERS; KELVIN ROSIER; BILLY SESSIONS; RASHEIN SMALLS; MOZELL SNOWDEN; SHALINEA SOLIS; JASMINE STONE; JAKO WILLIAMS; LEQUINN WILLIAMS, <br><br> Plaintiffs, <br><br> v. <br><br> G4S SECURE SOLUTIONS (USA) INC., <br><br> Defendant. | CIVIL ACTION NO.: 4:18-cv-00267 |

**O R D E R**

This lawsuit was initiated on October 15, 2018, when Plaintiffs filed their Complaint against Defendant G4S Secure Solutions (USA) Inc. in the State Court of Chatham County, Georgia. (Doc. 1-1, p. 5.) Defendant removed it to this Court on the basis of diversity jurisdiction on November 13, 2018, (doc. 1-2), and filed a Motion to Dismiss one week later, (doc. 5). The

Motion to Dismiss has been fully briefed by the parties, (see docs. 6, 7). For the reasons explained below, however, the Court **DENIES** the Motion **WITHOUT PREJUDICE** and **ORDERS** Plaintiffs, within **TEN (10) DAYS** of this Order, to electronically file a copy of the Amended Complaint that they originally filed with the State Court on November 8, 2018.

Defendant's Motion to Dismiss is aimed at defeating the Complaint that Plaintiffs filed to initiate this suit in the State Court. (See Doc. 5.) It refers exclusively and explicitly to allegations contained in that pleading and cites only to that pleading (which is located at docket entry number 1-1 on this Court's docket). (Id.) Plaintiffs' Response, however, frequently refers to their "Amended Complaint," though it completely neglects to cite to a docket entry number where a copy of that "Amended Complaint" is available for the Court's review. (Doc. 6, pp. 1–4.) After searching through the docket on its own, the Court has been unable to locate a copy of an amended complaint.

A review of the State Court's electronic docket, however, reveals that, five days prior to Defendant's November 13, 2018 filing of the Notice of Removal, an "Amended – Complaint" was filed with the State Court.[1] See Baker et al. v. G4S Secure Solutions (USA), Inc., STCV18-01715 (Chatham Cty. State Ct. Oct. 15, 2018).[2]

When a defendant removes a civil action from a state court, the defendant is required to include with the notice of removal filed with the district court "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a) (emphasis added). Here, Defendant's Notice of Removal, (doc. 1), included an "Exhibit A,"

---

[1] Pursuant to O.C.G.A. § 9-11-15(a), "[a] party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order."

[2] See Chatham County Court Case Search System, *available at* https://cmsportal.chathamcounty.org/portal (click on "Smart Search" icon, then search for STCV18-01715; last visited September 26, 2019).

2

described on the docket as "State Court Documents," (doc. 1-1). This Exhibit contains a copy of: the summons issued to Defendant; an "Official Receipt" from the State Court of Chatham County for a November 13, 2018 transaction costing $12.00 for "State Court Civil Copies" for the case; the civil case filing information form for the case; and a copy of the Complaint (stamped October 15, 2018). (Id. at pp. 1–10.) There is, however, no copy of any document filed November 8, 2018 or otherwise appearing to be an amended complaint.

The Court emphasizes at the outset that "the failure to include all state court pleadings and process with the notice of removal is procedurally incorrect but is not a jurisdictional defect." Cook v. Randolph Cty., Ga., 573 F.3d 1143, 1150 (11th Cir. 2009) (citing Covington v. Indemnity Ins. Co. of N. Am., 251 F.2d 930, 933 (5th Cir. 1958)). Moreover, it could be that Defendant was not obligated to include a copy of the Amended Complaint, since it is plausible (given the short window of time between the filing of that document and the date of removal) that Defendant had not yet been served with a copy of the Amended Complaint by the time of removal.[3] See 28 U.S.C. § 1446(a). In that case, Plaintiffs should have ensured that a copy was filed with this Court, particularly after they received Defendant's Motion to Dismiss and drafted a Response relying on the Amended Complaint.

Regardless of which party had the burden of filing a copy of the Amended Complaint with this Court, the fact of the matter is that the Court does not have access to a copy of it. Additionally, and more importantly, Defendant's Motion to Dismiss and Reply in support are directed only at

---

[3] It is likewise plausible that Defendant still has not been served with a copy of the Amended Complaint, considering that it proceeded to file a Motion to Dismiss and a Reply that both focused exclusively on the original Complaint. (Docs. 5, 7.) It is curious, however, that Defendant would not have sought out a copy of the Amended Complaint upon reading Plaintiff's Response that repeatedly cites to and discusses that document. It is equally curious, however, that Plaintiffs did not file the Amended Complaint and raise this issue (of it having been filed in the state court prior to removal) in order to argue that the Motion to Dismiss is moot.

3

the *original* Complaint and do not take into account any modifications that were made through the Amended Complaint (much less seek the dismissal of that pleading). (See, e.g., Doc. 7, p. 7 ("Accordingly, G4S respectfully requests that Plaintiffs' Complaint be dismissed in its entirety with prejudice.").) "[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case." Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007). In this case, given that the Court does not have a copy of the operative complaint and the Motion to Dismiss does not address that complaint, the Court cannot prudently address Defendant's Motion.

In light of the foregoing, the Court **DENIES WITHOUT PREJUDICE** Defendant's Motion to Dismiss, (doc. 5). The Court **ORDERS** Plaintiffs to file with the Court, within **TEN (10) DAYS** of this Order, a copy of the Amended Complaint that was filed in the State Court of Chatham County on November 8, 2018. Defendant shall have **FOURTEEN (14) DAYS** after service of the Amended Complaint to file an answer and/or a Fed. R. Civ. P. 12(b) motion in response thereto.

**SO ORDERED** this 27th day of September, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA