**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

HAKEEM BAKER, et al.,

    Plaintiffs,

v.

G4S SECURE SOLUTIONS (USA) INC.,

    Defendant.

CIVIL ACTION NO.: 4:18-cv-267

## O R D E R

This matter is before the Court on Defendant's Motion to Dismiss. (Doc. 11.) Plaintiffs, who are represented by counsel, have neglected to file any sort of response to the Motion.[1] Typically, such a failure to respond, particularly when a party is represented by counsel, is taken to mean that the party does not oppose the motion. See Local Rule 7.5 ("[E]ach party opposing a motion shall serve and file a response within fourteen (14) days of service of the motion . . . . Failure to respond within the applicable time period shall indicate that there is no opposition to a motion."). The Court is cognizant, however, of the fact that a motion to dismiss is dispositive in nature, meaning that granting the motion to dismiss could result in the dismissal of individual claims or the entire action. Consequently, the Court is reluctant to rule on the Motion to Dismiss without providing Plaintiffs an additional opportunity to respond or advising Plaintiffs of the consequences for failing to respond.[2]

---

[1] Plaintiffs' failure to respond is surprising given the fact that they filed a response to Defendant's prior motion to dismiss (which was directed at their original Complaint). (See doc. 6; see also doc. 9 (denying that Motion to Dismiss in light of Amended Complaint).)

[2] Granting a motion to dismiss without affording a plaintiff either notice or an opportunity to be heard is disfavored. Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336–37 (11th Cir. 2011); see also Neitzke v. Williams,

Accordingly, the Court **ORDERS** Plaintiffs to file a response either opposing or indicating their lack of opposition to Defendant's Motion to Dismiss within **twenty-eight (28) days** of the date of this Order. **If Plaintiffs fail to file a timely response, the Court will presume that Plaintiffs do not oppose the Motion and may dismiss individual claims or the entire action.** See Local R. 7.5.

Plaintiffs may also seek to amend their Amended Complaint to cure any deficiencies noted in the Motion to Dismiss. See Fed. R. Civ. P. 15(a)(1)(B). Since Plaintiffs have already filed an amended complaint in this case, they must first file a motion for leave to amend before filing another amended complaint. Fed. R. Civ. P. 15(a)(2). Thus, if Plaintiffs decide they would like to seek to amend their complaint again, they must file their motion for leave to amend (with their proposed second amended complaint attached as an exhibit) within **twenty-eight (28) days** of the date of this Order.

**SO ORDERED**, this 8th day of April, 2020.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

490 U.S. 319, 329–30 (1989) (A notice of a motion to dismiss "alert[s plaintiff] to the legal theory underlying the defendant's challenge" and enables him to meaningfully respond "by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations [in an amended complaint] so as to conform with the requirements of a valid legal cause of action.").